**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 5, 2007 DeLaHoya/Mayweather Program ) ) ) ) Plaintiff, ) ) v. ) ) JUAN MARTIN REYES, Individually, and as officer, director, shareholder, and/or principal of JM RESTAURANT, INC. d/b/a/ BOCADILLO'S a/k/a MERENDERO BOCADILLOS, and JM RESTAURANT, INC. d/b/a BOCADILLO'S a/k/a MERENDERO BOCADILLOS, ) ) ) ) ) ) ) ) Defendant. ) | CASE NO. 07 C 6418  Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for entry of default judgment and award of statutory damages, attorneys' fees, and costs. For the reasons explained below, the Court awards the sum of $3,830.75 in statutory damages, attorneys' fees, and costs, and enters a final default judgment against Defendants, jointly and severally, in that amount.

**I.   Introduction**

On November 13, 2007, Plaintiff, J & J Productions, Inc. ("Plaintiff") filed a complaint seeking to recover statutory damages pursuant to 47 U.S.C. § 605 jointly and severally against Defendants Juan Martin Reyes, individually and as officer, director, shareholder, and/or principal of JM Restaurant, Inc. d/b/a Bocadillo's a/k/a Merendero Bocadillos and JM Restaurant, Inc. d/b/a Bocadillo's a/k/a Merendero Bocadillos. Plaintiff alleges that Defendants unlawfully intercepted and showed to their patrons the closed circuit television signal of a May 2007 boxing match between

Oscar DeLaHoya and Floyd Mayweather. Defendants did not file an answer or any other responsive pleading. On May 14, 2008, Plaintiff filed a motion for default judgment, which was granted in open Court on May 22, 2008. At the Court's request, Plaintiff submitted a proposed order that included a specific sum requested for attorneys' fees and costs, but did not request a specific sum for statutory damages. The amount of statutory damages is committed to the discretion of the Court. In order to arrive at an appropriate sum to award as damages, the Court has reviewed analogous cases.

**II.     Analysis**

The facts of this case are taken from the allegations of Plaintiff's complaint, which are deemed admitted as a consequence of Defendants' default. See, *e.g.*, *Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994). Plaintiff is a California corporation that obtained a contractual right to distribute the DeLaHoya/Mayweather boxing program ("Program") scheduled for May 5, 2007 via closed circuit television and encrypted satellite signal. Plaintiff entered into subsequent agreements with entities in Illinois, giving those entities rights to exhibit the Program to their patrons. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen, or employees unlawfully intercepted, received, and/or descrambled the satellite signal to exhibit the Program at the time of its transmission. Defendants did so willfully and for purposes of direct or indirect commercial advantage or private financial gain.[1]

Plaintiff alleges that Defendants violated three statutes: 47 U.S.C. §§ 605(a), 605(e)(4), and 553. Section 605(a) provides that: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). Section 605(e)(4)

---

[1] While it is unclear what method Defendants used to access the satellite signal, it is logical to conclude that they must have used an illegal satellite receiver, misrepresented their business establishment as a residence, or engaged in "mirroring" by taking a legitimate receiver from their home to their business establishment in order to intercept Plaintiff's broadcast.

prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services. 47 U.S.C. § 605(e)(4). And Section 553 prohibits the unauthorized reception, interception, and exhibition of any communications service offered over a cable system.

Plaintiff seeks recovery under 47 U.S.C. §§ 605(e)(3)(C)(i)(II), 605(e)(3)(C)(ii), and 605(e)(3)(B)(iii). Under Section 605(e)(3)(C)(i)(II), an aggrieved party "may recover an award of statutory damages for each violation of subsection (a) . . . in a sum not less than $1,000 or more than $10,000 as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Section 605(e)(3)(C)(ii) provides that:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation of subsection (a) of this section.

47 U.S.C. § 605(e)(3)(C)(ii). And Section 605(e)(3)(B)(iii), the court "shall direct the recovery of full costs, including awarding attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff has requested an award of $830.75 in attorneys' fees and costs under Section 605(e)(3)(B)(iii). The Court finds that sum eminently reasonable. As to the other damages requested, the pertinent statutes simply provide a maximum recovery and otherwise leave the matter to the discretion of the Court. In this case, Plaintiff has presented no allegations or evidence concerning the price that Defendants would have paid had they attempt to contract for the right to exhibit the Program, nor has Plaintiff alleged how many patrons viewed the Program at Defendants' place of business. *Cablevision Sys. Corps. v. 45 Midland Enters., Inc.*, 858 F. Supp. 42, 45

(S.D.N.Y. 1994). Plaintiff also has not shown the kind of "especially egregious circumstances" (*Joe Hand Promotions v. Burg's Lounge*, 955 F. Supp. 42, 44 (E.D. Pa. 1997)) that might justify an award of damages at or near the maximum allowed by law. At the same time, there is no basis for finding that Defendants' actions were innocent or mistaken, as opposed to willful.

Based on the analysis and damages awards in the few cases on point in which default judgments have been entered in similar circumstances, the Court enters judgment against Defendants, jointly and severally, in the amount of $1,000 pursuant to Section 605(e)(3)(C)(i)(I), $2,000 pursuant to Section 605(e)(3)(C)(ii), and $830.75 in costs and attorneys' fees pursuant to Section 605(e)(3)(B)(iii), for a total judgment in the amount of $3,830.75. See *Joe Hand Promotions*, 955 F. Supp. at 44; *Cablevision Sys.*, 858 F. Supp. at 45. Either party may file an appropriate Rule 59(e) motion to alter or amend the judgment if they can demonstrate why the amount of the judgment should be increased or decreased. See *Joe Hand Promotions*, 955 F. Supp. at 44.

### III. Conclusion

For the reasons stated above, the Court enters a final default judgment for Plaintiff and against Defendants, jointly and severally, in the amount of $3,830.75.

Dated: July 14, 2008

_____
Robert M. Dow, Jr.
United States District Judge